1   K. Randolph Moore, Esq. SBN 106933
    Tanya Moore, Esq. SBN 206683
2   MOORE LAW FIRM, P.C.
    332 N. Second Street
3   San Jose, CA 95112
    Telephone (408) 271-6600
4   Facsimile (408) 298-6046

5   Attorneys for Plaintiff
    Alma Clarisa Hernandez
6

ORIGINAL
FILED

2010 APR 26 P 4: 11

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

E-filing

ADR

JW

PVT

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

CV 10-01798

10  ALMA CLARISA HERNANDEZ,              ) No.
11                                       )
              Plaintiff,                 )
12                                       )   **Plaintiff's Complaint**
       vs.                               )
13                                       )
    WALGREEN CO. dba WALGREENS           )
14  PHARMACY and CAPITOL SQUARE          )
    PARTNERS, A CALIFORNIA               )
15  LIMITED PARTNERSHIP,                 )
16                                       )
              Defendants.                )
17                                       )
18

19                  I.      SUMMARY

20       1.     This is a civil rights action by plaintiff ALMA CLARISA

21  HERNANDEZ ("Hernandez") for discrimination at the building, structure,

22  facility, complex, property, land, development, and/or surrounding business

23  complex known as:

24  Walgreens
25  350 N. Capitol Ave
    San Jose, CA 95133
26  (hereinafter "the Store")

27

28

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

1   2.      HERNANDEZ seeks damages, injunctive and declaratory relief, attorney

2   fees and costs, against WALGREEN CO., dba WALGREENS and CAPITOL

3   SQUARE PARTNERS, A CALIFORNIA LIMITED PARTNERSHIP

4   (hereinafter referred to collectively as Defendants), owners and operators of

5   Walgreens ("Store"), pursuant to the Americans with Disabilities Act of 1990,

6   (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II.      JURISDICTION

8   3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

9   1343 for ADA claims.

10  4.      Supplemental jurisdiction for claims brought under parallel

11  California law – arising from the same nucleus of operative facts – is predicated

12  on 28 U.S.C. § 1367.

13  5.      Hernandez's claims are authorized by 28 U.S.C. §§ 2201 and

14  2202.

## III.     VENUE

16  6.      All actions complained of herein take place within the jurisdiction

17  of the United States District Court, Northern District of California, and venue is

18  invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.     PARTIES

20  7.      Defendants own, operate, and/or lease the Store, and consist of a

21  person (or persons), firm, and/or corporation.

22  8.      Hernandez was diagnosed with severe scoliosis over 15 years ago

23  and is confined in a wheelchair. Consequently, Hernandez is "physically

24  disabled," as defined by all applicable California and United States laws, and a

25  member of the public whose rights are protected by these laws.

## V.      FACTS

26

27

28

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

9.    The Store is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Hernandez visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.    To the extent known by Hernandez, the barriers at the Store included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number);

3) The phone number or address where towed vehicles can be reclaimed is not posted in the appropriate section on the sign and is not a permanent part of the sign;

4) The size of the lettering on the sign is less than 1" in height;

5) The size of the sign is less than 17" x 22" in size (minimum 24" x 24" size recommended).

6) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

7) Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

8) Parking space is less than 18' long;

9) Parking space is less than 9' wide;

10)    Access aisle on the passenger side is less than 18' x 5';

11)    Van accessible parking space is less than 9' wide;

12)    Access aisle on the passenger side of the van accessible parking space is less than 8' wide;

13)    The access aisle is not placed on the side opposite the driver's side when the vehicle is going forward into the parking space (i.e. the passenger side of the vehicle);

14)    Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

15)    Area of the sign is smaller than 70 square inches;

16)    Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

17)    An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

18)    The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:

    a. By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;

    b. By outlining a profile view of a wheelchair with occupant in white on blue background.  The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36" high by 36" wide;

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

19)     The loading and unloading access aisle is not marked by a border that is painted blue;

20)     There are no hatched lines that are a maximum of 36" on center painted with a contrasting color;

21)     The built up curb ramp is not properly configured or painted;

22)     The built up curb ramp contains unlevel warped surface;

23)     There is no accessible route provided within the boundary of the site to an accessible building entrances from:

a.  Public transportation stops;

b.  Accessible parking spaces;

c.  Accessible passenger loading zones;

d.  Public streets and sidewalks.

24)     Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

25)     The entrance door to the multiple-accommodation restroom is not accessible;

26)     The entrance door to the restroom hallway requires more than 5 pounds of maximum pressure to operate;

27)     The entrance door to the restroom facility requires more than 5 pounds of maximum pressure to operate

28)     Handle on the restroom hallway is not easy to grasp with one hand and requires tight grasping, tight pinching or twisting of the wrist to operate;

29)     There is insufficient clearance provided on the latch side of the restroom hallway door (returning to the store);

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

30)     There is insufficient clearance provided on the latch side of the restroom door (returning to the restroom);

31)     Door closers are set to take less than 3 seconds to close from an open position of 70 degrees to within 3" of the latch, measured to the leading edge of the door;

32)     There is insufficient clear floor are provided on the pull side of the door (entering the stall);

33)     The stall door is not equipped with an automatic closing device;

34)     The inside and outside of the compartment door is not equipped with a loop or U-shaped handle located immediately below the latch;

35)     Drain and hot water piping is not insulated or configured to prevent contact;

36)     There are sharp and abrasive elements under lavatory;

37)     A minimum of 30"x48" clear floor space is not provided to allow forward parallel approach to the lavatory;

38)     Operable part of soap dispenser is not located a maximum of 40" above floor;

39)     Coat hook inside the stall is located outside of the appropriate reach ranges;

40)     Sanitary facilities are not displaying signs in a minimum of two locations: one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door;

41)     The International Symbol of Accessibility is not posted at accessible sanitary facilities;

42)     The restroom identification signage is not located on the wall adjacent to the latch side of the door;

43)     Accessible stall is not identified by an ISA;

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

44)     The displayed goods are located outside of reach;

45)     There is no sign provided offering assistance to disabled patrons;

46)     There is no accessible cashier stand provided;

47)     The floor mats and doormat at the entrance are not properly secured. These barriers prevented Hernandez from enjoying full and equal access.

11.     Hernandez was also deterred from visiting the Store because she became aware that the Store goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself).  She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.     Hernandez also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability.  Nothing within this complaint, however, should be construed as an allegation that Hernandez is seeking to remove barriers unrelated to her disability.

13.     Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Defendants have not removed such impediments and have not modified the Store to conform to accessibility standards. Defendants have intentionally maintained the Store and

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

1    in its current condition and has intentionally refrained from altering the Store

2    so that it complies with the accessibility standards.

3        15.    Hernandez further alleges that the (continued) presence of barriers

4    at the store so obvious as to establish Defendants discriminatory intent.[1] On

5    information and belief, Hernandez avers that evidence of this discriminatory

6    intent includes Defendants' refusal to adhere to relevant building standards;

7    disregard for the building plans and permits issued for the Store; conscientious

8    decision to the architectural layout (as it currently exists) at the Store; decision

9    not to remove barriers from the Store; and allowance that Defendants' property

10    continues to exist in its non-compliance state.  Hernandez further alleges, on

11    information and belief, that the Store is not in the midst of a remodel, and that

12    the barriers present at the Store are not isolated (or temporary) interruptions in

13    access due to maintenance or repairs.[2]

14                  VI.     FIRST CLAIM

15            **Americans with Disabilities Act of 1990**

16           Denial of "Full and Equal" Enjoyment and Use

17        16.    Hernandez incorporates the allegations contained in paragraphs 1

18    through 15 for this claim.

19        17.    Title III of the ADA holds as a "general rule" that no individual

20    shall be discriminated against on the basis of disability in the full and equal

21    enjoyment (or use) of goods, services, facilities, privileges, and

22    accommodations offered by any person who owns, operates, or leases a place of

23    public accommodation.  42 U.S.C. § 12182(a).

24

25

26    _____

27    [1] E.g., <u>Gunther v. Lin</u>, 144 Cal.App.4th 223, fn.6

      [2] Id.; 28 C.F.R. § 36.211(b)

28    *Hernandez v. Walgreen Co., et al.*

      Plaintiff's Complaint

18.   Defendants discriminated against Hernandez by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Store during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.   Here, Hernandez alleges that Defendants can easily remove the architectural barriers at Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

23.   On information and belief, the Store was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24.   The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

1 usable by, individuals with disabilities when it was structurally practicable to do
2 so. 42 U.S.C. § 12183(a)(1).

3    25.    Here, Defendants violated the ADA by designing and constructing
4 (or both) the Store in a manner that was not readily accessible to the physically
5 disabled public – including Hernandez – when it was structurally practical to do
6 so.[3]

7    Failure to Make an Altered Facility Accessible

8    26.    On information and belief, the Store was modified after January
9 26, 1992, independently triggering access requirements under the ADA.

10    27.    The ADA also requires that facilities altered in a manner that
11 affects (or could affect) its usability must be made readily accessible to
12 individuals with disabilities to the maximum extent feasible.  42 U.S.C. §
13 12183(a)(2).  Altering an area that contains a facility's primary function also
14 requires adding making the paths of travel, bathrooms, telephones, and drinking
15 fountains serving that area accessible to the maximum extent feasible. Id.

16    28.    Here, Defendants altered the Store in a manner that violated the
17 ADA and was not readily accessible to the physically disabled public –
18 including Hernandez – to the maximum extent feasible.

19    Failure to Modify Existing Policies and Procedures

20    29.    The ADA also requires reasonable modifications in policies,
21 practices, or procedures, when necessary to afford such goods, services,
22 facilities, or accommodations to individuals with disabilities, unless the entity
23 can demonstrate that making such modifications would fundamentally alter
24 their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25    30.    Here, Defendants violated the ADA by failing to make reasonable
26 modifications in policies, practices, or procedures at the Store, when these

27

28

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

Page 10

1    modifications were necessary to afford (and would not fundamentally alter the
2    nature of) these goods, services, facilities, or accommodations.

3        31.    Hernandez seeks all relief available under the ADA (i.e., injunctive
4    relief, attorney fees, costs, legal expense) for these aforementioned violations.
5    42 U.S.C. § 12205.

6        32.    Hernandez also seeks a finding from this Court (i.e., declaratory
7    relief) that Defendants violated the ADA in order to pursue damages under
8    California's Unruh Civil Rights Act or Disabled Persons Act.

9                        VII.   SECOND CLAIM
10                      **Disabled Persons Act**

11        33.    Hernandez incorporates the allegations contained in paragraphs 1
12   through 30 for this claim.

13        34.    California Civil Code § 54 states, in part, that: Individuals with
14   disabilities have the same right as the general public to the full and free use of
15   the streets, sidewalks, walkways, public buildings and facilities, and other
16   public places.

17        35.    California Civil Code § 54.1 also states, in part, that: Individuals
18   with disabilities shall be entitled to full and equal access to accommodations,
19   facilities, telephone facilities, places of public accommodation, and other places
20   to which the general public is invited.

21        36.    Both sections specifically incorporate (by reference) and
22   individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

23        37.    Here, Defendants discriminated against the physically disabled
24   public – including Hernandez – by denying them full and equal access to the
25   Store.   Defendants also violated Hernandez's rights under the ADA, and

26
27   [3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing
28   this action as a private attorney general under either state of federal statutes.
     *Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

therefore, infringed upon or violated (or both) Hernandez's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Hernandez seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   She also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.   THIRD CLAIM

### Unruh Civil Rights Act

40.   Hernandez incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that; All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   Defendants aforementioned acts and omissions denied the physically disabled public – including Hernandez – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hernandez by violating the Unruh Act.

46.   Hernandez was damaged by Defendants wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.   Hernandez also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.   Hernandez incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49.   Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.   Hernandez alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store  was not exempt under Health and Safety Code § 19956.

52.   Defendants' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Hernandez and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint

X.   PRAYER FOR RELIEF

WHEREFORE, Hernandez prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

Dated: April 26, 2010

_____
K. Randolph Moore
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hernandez v. Walgreen Co., et al.*

Plaintiff's Complaint